# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
_____
michael@faillacelaw.com

November 5, 2021

**VIA ECF**

Hon. Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

   Re:   <u>Valentin et al v. Abitino's Pizza 49th Street Corp. et al</u>
   CASE #:  1:21-cv-03251-VEC

Your Honor:

  This office represents Plaintiff Bernabe Pablo Valentin ("Plaintiff") in the above referenced matter. The parties submit this letter jointly for approval of the settlement of this action.  The parties have agreed to a settlement ("Agreement").  A copy of the Agreement is attached hereto as Exhibit A.

  We respectfully request that the Court approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

  It is specifically requested that this Court retain jurisdiction for the purposes of enforcement, and that any dismissal with prejudice incorporate specific language that the Court retains jurisdiction over the settlement for purposes of enforcement.

  "To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." <u>Thurston v FlyFit Holdings, LLC</u>, 2020 US Dist LEXIS 98523, at *5 [SDNY June 3, 2020].

## I. BACKGROUND

  Plaintiff alleged that Defendants owned, operated, or controlled a pizzeria, located at 730 10th Avenue, New York, New York 10019 under the name "Abitino's Pizzeria".  Plaintiff is a former employee of Defendants.  Plaintiff was employed as a delivery worker, food preparer, a cook, and a dishwasher, at all relevant times, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hour's compensation for the hours worked.

As a result, Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195). (See generally DE 1.).  Defendants completely deny the allegations.

During the course of the negotiations, Defendants demonstrated to Plaintiff their inability to pay a large settlement. Because of the COVID-19 pandemic, Defendants' business has been drastically affected, resulting in unprecedented lost revenue, decreased sales and sever strain on the business. Indeed, Defendants continue to contemplate bankruptcy and closure. After much back and forth, Defendants agreed to resolve the matter for business-related reasons, not because they felt they were in violation of the FLSA or NYLL, but because continued litigation was not feasible considering their financial state.

## II. SETTLEMENT TERMS

Were they to prevail on every issue of fact, which Plaintiff concedes would be challenging given the serious factual disputes and the many defenses asserted by Defendants, Plaintiff estimates that he would be awarded a total of $60,900.90 for the entirety of their time working for Defendants.

Defendants aver that the Plaintiff's damages chart is based on inaccurate information that grossly exaggerates the number of days and hours that Plaintiff worked for Defendants. By way of example only, Defendants' contend that Plaintiff's damages chart did not account for Plaintiff's daily bona fide meal breaks, that Plaintiff allegedly worked fluctuating schedules. Because the allegations and defenses are unsupported by records or documents on either side, Plaintiff recognizes that moving forward with this case would require a lengthy battle over these factual issues including the examination of multiple witnesses. Additionally, the COVID19 delays increased the risk that a trial would be delayed and eventual judgment could not be collected.

Thus, in order to avoid the legal and factual risks of protracted litigation and trial, the parties have agreed to a settlement of the action for the sum of Eighteen Thousand Dollars and Zero Cents $18,000.00 to be paid in two (2) installments. This settlement is the result of arm's length negotiation between counsel in which both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested issues and risk of inability to collect a more significant judgment, Plaintiff believes the instant settlement is fair and reasonable.

### III. ATTORNEYS' FEES

Plaintiff's counsel will receive $6,000.00 to compensate for attorney's fees, which constitutes one-third of the settlement amount, and costs of $730.50.

In Alvarez v Sterling Portfolio Inv. L.P, the Court ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check. Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiff's counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

It may be noted that Plaintiff's counsel's lodestar in this case is $5,872.50. A copy of Plaintiff's counsel's contemporaneous billing records is attached hereto as Exhibit B. The amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014)  ("Lodestar multipliers of nearly 5 have been deemed

'common' by courts in this District."); <u>Castaneda v. My Belly's Playlist LLC</u>, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); <u>see also Calle v. Elite Specialty Coatings Plus, Inc.</u>, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. <u>See Alleyne v. Time Moving & Storage Inc.</u>, 264 F.R.D. at 60; <u>see also McDaniel v. Cnty. of Schenectady</u>, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, all parties to this settlement have already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result despite Defendants' dire financial condition and with relatively low expense. A brief biography of each attorney who performed billed work in this matter is as follows:

a. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. <u>See</u>, e.g., <u>Manley v. Midan Rest. Inc.</u>, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

b. Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00. Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. He licensed to practice in the Southern and Eastern District of New York, the Second Circuit

Court of Appeals, and in New York and New Jersey State Courts. The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37; Najera v 144 Ninth Gotham Pizza, Inc., 2017 US Dist LEXIS 26393, at *4 [SDNY Feb. 24, 2017, No. 12cv3133 (DLC)] (awarding $375 to senior associate Jesse Barton); Calle v NDG Coffee Shop, Inc., 2018 US Dist LEXIS 62979, at *4-5 [SDNY Apr. 12, 2018, No. 16-cv-7702 (RJS)] (Court held that the following rates are reasonable: $450 for Michael Faillace, an attorney with twenty-five years of experience in wage and hour litigation; $375.00 for Colin Mulholland, an attorney with five years of experience in civil litigation, including wage and hour case, and $375.00 for Jesse Barton, an attorney with five years of experience in wage and hour litigation) Mr. Tucker's billing entries are denoted by "C.E."

c.  James McCartney is an associate at Michael Faillace & Associates, P.C. He is requesting an hourly rate of $450.00. Mr. McCartney has litigated labor and employment cases over the course of his 30-year career in the federal and local courts of New York, New Jersey and Puerto Rico. He graduated *cum* laude from the Widener University School of Law in Wilmington, DE in 1990. Mr. McCartney has tried dozens of cases, including labor an employment matters, to juries in each of the jurisdictions where he has practiced. His billing entries are denoted by "JM."

d.  Bryan D. Robinson is an associate at Michael Faillace & Associates, P.C. Attorney Bryan D. Robinson developed a background in representing Criminal Defendants at the Gracia Law Firm in Brownsville, Texas. Subsequently, attorney Bryan D. Robinson advocated vigorously for his clients in matters pertaining to Family Law at The King Law Firm in New York City. He graduated from Maurice A. Deane School of Law at Hofstra University in Hempstead, New York in 2018. He is licensed to practice in the Southern and Eastern District of New York, the Southern District of Texas, and in New York and Texas State Courts. He is requesting an hourly rate of $300.00. Mr. Robinson's billing entries are denoted by "BR."

e.  Paralegals at Michael Faillace & Associates, P.C. are billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Cortes v. New Creators, Inc., 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); see also Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014). Their entries are denoted by "PL."

## IV. CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and

the case dismissed with prejudice.  A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.


Respectfully submitted,

By:  s/ Michael Faillace_____
          Michael Faillace, Esq.


4835-5595-8014.1 / 101905-1004